IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANN BAILEY, | : | Civil No. 4:22-CV-1891 |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| KEVIN KAUFFMAN, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

I.   **Factual Background**

This is a *pro se,* lawsuit brought some three years ago, in January of 2021, as a putative inmate class action regarding the conditions of confinement at SCI Huntingdon. This putative class action complaint was brought by Vann Bailey, and fellow prisoner, Miguel Molina, and others. The putative class action complaint named a host of prison officials as defendants and alleged an array of Eighth Amendment violations relating to the conditions of confinement at SCI Huntingdon. (Docs. 1, 35).

Over time, the nature of this case has changed significantly. The court has denied the inmates' class certification request; litigated individual claims by the various plaintiffs; and dismissed many of those claims. What now remains is a fourth amended complaint filed by Vann Bailey in October of 2023, which reiterates Eighth

1

Amendment claims that are almost identical to those previously considered and rejected by this court in the case of Miguel Molina, another Huntingdon inmate who was one of Bailey's putative co-plaintiffs at an earlier stage of this litigation. (Doc. 237).

Upon Judge Mehalchick's appointment to the district court, this case was referred to the undersigned. On June 3, 2024, the remaining defendants filed a thoroughly documented motion for summary judgment seeking dismissal of Bailey's complaint. (Docs. 253-56). Bailey ignored this pleading and failed to timely respond to the motion. After some six weeks passed, on July 19, 2024, we entered an order directing Bailey to respond to this motion on or before August 2, 2024. (Doc. 257). That order also warned Bailey in clear and precise terms that:

> It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'" Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug. 26, 2010) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)). Therefore, a failure to comply with this direction may result in the motions being deemed unopposed and granted.

(Id.)

Despite our explicit warning, this deadline has also passed without any action by Bailey to respond to this motion or litigate this case. On these facts, given this

cascading array of defaults by the plaintiff, it is recommended that this complaint be dismissed.

## II. Discussion

### A. Dismissal of this Case Is Warranted Under Rule 41.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion, "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (quoting Briscoe v. Klaus, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." Briscoe, 538 F.3d at 263 (quoting Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Id. (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek, 964 F.2d at 1373). Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the Court of Appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson, 296 F.3d 184; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the failure to respond to

4

the court's prior orders is entirely attributable to the plaintiff, who has failed to abide by court orders, respond to defense motions, or litigate this case.

Similarly, the second Poulis factor— the prejudice to the adversary caused by the failure to abide by court orders—also calls for dismissal of this action. Indeed, this factor—the prejudice suffered by the party seeking sanctions—is entitled to great weight and careful consideration. As the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe, 538 F.3d at 259-60.

In this case, the plaintiff's failure to litigate this claim, respond to defense motions, or to comply with court orders, now wholly frustrates and delays the resolution of this action. In such instances, the defendant is plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio, 256 F. App'x 509 (failure to timely serve pleadings compels

5

dismissal); Reshard, 256 F. App'x 506 (failure to comply with discovery compels dismissal); Azubuko, 243 F. App'x 728 (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor—the history of dilatoriness on the plaintiff's part—it becomes clear that dismissal of this action is now appropriate. In this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.'" Briscoe, 538 F.3d at 260-61 (quoting Adams, 29 F.3d at 874) (some citations omitted). Here, the plaintiff has failed to comply with court orders or respond to a defense summary judgment motion as he was ordered to do. Thus, the plaintiff's conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874.

The fourth Poulis factor—whether the conduct of the party or the attorney was willful or in bad faith—also cuts against the plaintiff in this case. In this setting, we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. Adams, 29 F.3d at 875. At this juncture, when the plaintiff has failed to comply with instructions of the court, we are compelled to conclude that the

plaintiff's actions are not isolated, accidental, or inadvertent but instead reflect an ongoing disregard for this case and the court's instructions.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe, 538 F.3d at 262-63; Emerson, 296 F.3d at 191. This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior orders and counseling the plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The plaintiff still ignores his responsibilities as a litigant. Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under Poulis, we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, however, consideration of this factor cannot save this particular plaintiff's claims since the plaintiff is now wholly noncompliant with the court's instructions. The plaintiff cannot refuse to comply with court orders which are necessary to allow resolution of the merits of his claims, and then assert the untested merits of these claims as grounds for declining to dismiss the

7

case. Furthermore, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Briscoe, 538 F.3d at 263 (quoting Ware, 322 F.3d at 222; Mindek, 964 F.2d at 1373). Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent dismissal of a case for failure to prosecute.

In any event, we note that the claims advanced by Bailey are virtually identical to those previously considered by this court when it addressed the fourth amended complaint filed by Miguel Molina, another Huntingdon inmate who was one of Bailey's putative class action co-plaintiffs at an earlier stage of this litigation. After a painstakingly careful examination of Molina's Eighth Amendment allegations, this court granted the defendants' summary judgment motion finding that Molina's claims—which parrot those advanced by Bailey in this case—were both unexhausted and meritless. Molina v. Kauffman, No. 4:21-CV-00038, 2023 WL 8285819, at *1 (M.D. Pa. Oct. 2, 2023), report and recommendation adopted, No. 4:21-CV-00038, 2023 WL 8281695 (M.D. Pa. Nov. 30, 2023)

Given our holding in Molina, rejecting claims identical to those advanced here by Bailey, it appears that these claims also fail on their merits. Accordingly, all of the Poulis factors currently favor dismissal of this lawsuit.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that defendants' motion for summary judgment, (Doc. 253), be GRANTED and this case be DISMISSED with prejudice for failure to prosecute.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of August 2024.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge